IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Neysis Fuentes Reyes,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Greenville County School District,<br><br>　　　　　　　Defendant. | Civil Action No. 6:12-575-MGL-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff, who is proceeding *pro se*, alleges in her complaint that the defendant terminated her employment based upon her disability, race, and age. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) DSC, all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

On May 11, 2012, the defendant filed a motion dismiss for lack of jurisdiction and failure to state a claim (doc. 11). On May 14, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if she failed to respond adequately. Despite this explanation, the plaintiff did not to respond to the motion.

As the plaintiff is proceeding *pro se*, the court filed a second order on June 22, 2012, giving the plaintiff through July 13, 2012, to file her response to the motion dismiss. The plaintiff was specifically advised that if she failed to respond, this action would be dismissed for failure to prosecute. The plaintiff did not respond.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v.*

*Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and she is thus entirely responsible for her actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no responses have been filed. Meanwhile, the defendant is left to wonder when the action against it will be resolved. The plaintiff has not responded to the defendant's motion to dismiss or the court's orders requiring her to respond. Accordingly, the undersigned concludes the plaintiff has abandoned her lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ballard*, 882 F.2d at 95.

s/ Kevin F. McDonald
United States Magistrate Judge

July 19, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.