IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Neysis Fuentes Reyes, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:12-575-MGL |
| | ) | |
| -vs- | ) | |
| | ) | **Opinion and Order** |
| Greenville County School District, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This employment discrimination case comes before the court pursuant to Plaintiff's *pro se* complaint which purports to assert causes of action for: (1) race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), (2) age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and (3) disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). (ECF No. 1.) The matter is now before the court on Defendants' motion to dismiss for lack of jurisdiction and failure to state a claim which was filed on May 11, 2012 . (ECF No. 22.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D. S.C., this matter was referred to United States Magistrate Kevin F. McDonald for pretrial handling. On May 14, 2012, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), Plaintiff was advised of the summary procedure and the possible consequences of failing to respond adequately. (ECF No. 25.) Plaintiff filed no response to the motion to dismiss. On June 22, 2012, the Magistrate Judge issued a second order giving Plaintiff until July 13, 2012 to file her response to Defendants' motion. (ECF No. 28.) Plaintiff specifically was advised that if she failed to respond, this action would be subject to

dismissal for failure to prosecute. *See* Fed.R.Civ.P. 41(b).  (ECF No. 34.)  Plaintiff did not file a response.

On July 19, 2012, the Magistrate Judge issued a Report and Recommendation in which he recommended that the within complaint be dismissed pursuant to Rule 41(b) for failure to prosecute. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b) (1).  This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.*  This court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge.  The court adopts the Report and Recommendation and incorporates it herein by reference.  The within action is dismissed with prejudice pursuant to Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

                                                        s/ Mary G. Lewis
                                                        United States District Judge

Spartanburg, South Carolina
August 8, 2012